

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9845 | **DATE** | 10/1/2002 |
| **CASE TITLE** | Norma Caratachea vs. Homewood Industries | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, the Defendant's Motion to Dismiss [Doc. #10] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 2 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | 16 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMA CARATACHEA | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 9845 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| HOMEWOOD INDUSTRIES | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Before this Court is Defendant Homewood Industries' Motion to Dismiss Count III of the Plaintiff's Complaint for Failure to State a Claim upon which Relief May Be Granted ("Motion to Dismiss Count III") pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is denied.



### Background

Plaintiff Norma Caratachea ("Plaintiff" or "Caratachea") is a self-identified Hispanic female who was an employee of Homewood Industries starting in 1995. In November 2000, Defendant Homewood Industries ("Defendant" or "Homewood") terminated Caratachea's employment with the company. On January 24, 2001, Plaintiff filed a Charge of Discrimination "Charge") against Homewood with the EEOC.

Plaintiff, in her Charge, alleged that she was "discriminated against because of [her] sex, female, and [her] national origin, Hispanic." (Mot. Dismiss, Ex. A) Two allegations are obvious from the face of Plaintiff's Charge: sexual harassment and wrongful termination based upon national origin. Plaintiff's Charge alleged that she was subjected to sexually demeaning and

1

suggestive comments from her co-workers beginning in August 2000. She further alleged that her complaints about the sexual harrassment to her supervisors failed to lead to redress. Finally, Plaintiff's Charge alleged that Homewood engaged in differential treatment when they terminated her for "throw[ing] cardboard onto the conveyor"; specifically, she alleged that "similarly-situated non-Hispanic females . . . were not terminated." The EEOC dismissed Caratachea's Charge and issued a right to sue letter on September 28, 2001.

In the Amended Complaint presently before this Court, Caratachea maintains the allegations of sexual harrassment and discrimination based on national origin. Count III of Plaintiff's Amended Complaint additionally alleges that she was terminated from employment in retaliation for complaints relating to the sexual harrassment. Plaintiff did not raise any specific allegations of retaliatory dismissal in her EEOC Charge.

### Standard of Review

Typically, a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test whether the Defendant will prevail on the merits, but instead whether the Plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences generating therefrom. Id. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 78 (1984)). Any ambiguities are construed in favor of the plaintiff. Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995). However, the court need "not strain to find

inferences favorable to the plaintiffs which are not apparent on the face of th[e] . . . complaint." Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977).

## Discussion

Generally in the Seventh Circuit, a Title VII plaintiff may not include claims in a subsequent complaint that were not included in her EEOC charge. Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995). The general rule is not without its exceptions, though. Because it is laypeople, not lawyers, who usually file EEOC charges, see Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994), there is a well-recognized test for whether allegations not presented to the EEOC can proceed in a subsequent lawsuit. In order to include a claim in a federal complaint that was not brought in an EEOC charge, a plaintiff must satisfy a two-pronged test: "(i) the claim is like or reasonably related to the EEOC charges, and (ii) the claim in the complaint could reasonably develop from the EEOC investigation into the original charges." Id. A claim is reasonably related to allegations in an EEOC charge if a factual relationship exists. Id. For a factual relationship to exist, the EEOC charges and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. Id. An action that is beyond the scope of a plaintiff's EEOC charge must be dismissed. Id.; see also Lamas v. Freeman Decorating Co., 37 F. Supp. 2d 1105, 1106 (N.D. Ill. 1999).

Defendant argues that count III of Plaintiff's Amended Complaint, alleging retaliatory discharge, must be dismissed due to the fact that she did not include the allegation in her EEOC charge against Homewood. In this case, Caratachea's retaliation claim is reasonably related to the allegations in her EEOC Charge. In Plaintiff's EEOC Charge, she alleges that she was subject to sexually demeaning remarks by her co-workers and that she complained of such harassment to

3

the owner of Homewood. Plaintiff also alleges that she was terminated from her employment at Homewood within three months of reporting the sexual harrassment. The allegation of retaliation describes the same conduct (wrongful termination) and implicates the same individuals (management) as her claim of national origin discrimination.

The second part of the test "is difficult to apply because it requires speculation as to what the EEOC might or might not discover in the course of an investigation." Cheek, 31 F.3d at 500. From the foundation of the facts alleged in Plaintiff's EEOC Charge, it does not require much imagination to arrive at the current allegations of retaliatory firing. This Court finds that the claim could reasonably develop from an EEOC investigation into the original charges.

## Conclusion

For the reasons stated in this opinion, Defendant's Motion to Dismiss Count III of the Plaintiff's Amended Complaint is DENIED.

**Enter:**

David H. Coar
United States District Judge

**Dated: October 1, 2002**